UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61393-SMITH/VALLE

LUIS ENRIQUE PINEDA CAMACHO,

      Petitioner,

v.

BROWARD TRANSITIONAL CENTER,

      Respondent.

                                  /

## ORDER TO SHOW CAUSE 28 U.S.C. § 2241

Petitioner, represented by counsel, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his custody and detention at the Broward Transitional Center by Immigration and Customs Enforcement. *See generally* (ECF No. 1). Petitioner asserts he was taken into immigration custody on April 17, 2021 on a November 18, 2020 order of removal. *Id.* at 4. According to Petitioner, federal agencies blocked his access to the court. *Id.* at 7. Petitioner further asserts that he should be "considered eligible" for Temporary Protected Status ("TPS") and that deportation to Venezuela "should be illegal" because there are no diplomatic relations between the U.S. and Venezuela and because of a "humanitarian crisis" in Venezuela. *Id.* at 6. Accordingly, Petitioner requests "release from custody by ICE and to stop his illegal deportation." *Id.* at 7.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby,* 351 F.3d 1049, 1059 (11th Cir. 2003). Upon entertaining a § 2241 application for writ of habeas corpus, a court "shall forthwith award the writ of habeas corpus or issue an order directing the

respondent to show cause why the writ should not be granted."   28 U.S.C. § 2243.   Accordingly, is thereupon **ORDERED AND ADJUDGED** as follows:

1.       Counsel for the Respondent shall **immediately** notify the Court upon receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned.

2.       On or before **fourteen (14) days from the date of this Order**, Respondent shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file all documents and transcripts necessary for the resolution of the Petition.   *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").[1]

3.       Counsel for the respondent is requested to caption the response as a "Response" and not a "Motion to Dismiss."   The statute, 28 U.S.C. § 2243, calls for a "Return."

DONE AND ORDERED at Chambers in Fort Lauderdale, Florida this August 23, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:       U.S. District Judge Rodney Smith
          Counsel of Record
          Noticing 2241/Bivens US Attorney
          *Email: usafls-2255@usdoj.gov*
          Noticing INS Attorney
          *Email: usafls-immigration@usdoj.gov*

---

[1] Based on a review of the Petition, and in light of the COVID-19 pandemic, the Court finds good cause to grant Respondent 14 days to show cause.

2